UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CV-60007-COHN

JOANNE McCALLA,

    Plaintiff,

v.

AVMED, INC.,
a Florida corporation, and
MARIANNE DiVITA, an individual,
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand [DE 7] ("Motion"). The Court has reviewed the Motion, Defendants' response [DE 15], Plaintiff's reply [DE 18], and is otherwise advised in the premises.

## I. BACKGROUND

On December 16, 2010, Plaintiff filed a complaint against Defendants in a Florida state court. Essentially, the Complaint alleges that Plaintiff's son was terminally ill, so Plaintiff took leave from her job with Avmed, Inc. ("Avmed") pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); Defendant Marianne DiVita ("DiVita"), working for Avmed, informed Plaintiff that her FMLA leave time had expired, even though it had not; and Avmed fired Plaintiff for not returning to work. See generally Complaint [DE 1-1]. The Complaint alleges the following three causes of action: (1) Violation of the Family and Medical Leave Act - Retaliation (only against Avmed); (2) Violation of the Family and Medical Leave Act - Interference (only against Avmed); and (3) Intentional Infliction of Emotional Distress (only against Defendant DiVita). Defendants timely removed the case to this Court on January 4, 2011.

Plaintiff seeks to remand the entire case to state court, or, in the alternative, seeks to remand only the intentional infliction of emotional distress claim.

## II. DISCUSSION

### A. Legal Standard

Federal courts are courts of limited jurisdiction. Indeed, federal jurisdiction exists only when a controversy involves either a question of federal law or diversity of citizenship between the parties. See 28 U.S.C. §§ 1331-1332. Provided a federal court has original subject matter jurisdiction over at least one claim, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

A claim is part of the same case or controversy, if "[t]he state and federal claims derive from a common nucleus of operative fact." See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). This requirement is met where a federal claim and a state claim involve the same facts, occurrences, witnesses, and evidence, even where the elements of the state and federal claims differ. Palmer v. Hosp. Auth., 22 F.3d 1559, 1566 (11th Cir. 1994).

Notwithstanding, the Court may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

### B. Plaintiff Has Offered No Reason to Remand the Entire Case

Plaintiff contends that "remand of the entire case is warranted because the removal of a case in which supplemental jurisdiction is not proper should be viewed as a defect in the removal procedure requiring remand." Motion at 8. Plaintiff, however, offers no authority for such a novel proposition. Moreover, Plaintiff asserts in her Motion that "[i]t is clear that the Court has subject matter jurisdiction over the FMLA count." Id. at 2.

Plaintiff offers no explanation why the Court could not, in its discretion, exercise supplemental jurisdiction over the intentional infliction of emotional distress claim. Indeed, Plaintiff does not, and could not reasonably, argue that the federal and state claims are unrelated or that they do not form part of the same case or controversy. The Court therefore summarily rejects Plaintiff's argument that remand of the entire case is warranted. Consequently, the Court must determine whether it should remand only the state law claim.

### C. Plaintiff Has Failed to Demonstrate a Compelling Reason that the Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Claim

Plaintiff submits that "[t]he state claim is not related to the federal claim at all, because intentional infliction of emotional distress is completely different from a [sic] FMLA claim." Motion at 3. Being "completely different," however, is not one of the four circumstances contemplated in section 1367(c). Plaintiff therefore contends that her intentional infliction of emotion distress claim presents novel and complex issues of law and that the claim substantially predominates over Plaintiff's two FMLA claims. Plaintiff, however, offers no reason that her intentional infliction of emotional distress claim presents novel or complex issues of law. To the contrary, as Plaintiff sets forth in her

3

Motion, the parameters of an intentional infliction of emotional distress claim are well-defined under Florida law.  Motion at 4 (citing Met. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985); Food Lion, Inc. v. Clifford, 629 So. 2d 201, 202 (Fla. Dist. Ct. App. 1993)).

Likewise, Plaintiff has not demonstrated that the state law claim substantially predominates over the two FMLA claims over which the district court has original jurisdiction.  Plaintiff's state law claim is predicated on the allegation that DeVita, acting as Avemed's agent, informed Plaintiff that she no longer had FMLA leave time available to her even though she did and then fired Plaintiff for not returning to work.  Plaintiff's Complaint therefore demonstrates that Plaintiff's federal and state law claims are deeply intertwined.  The claims appear to involve the same cast of characters and evidence.  The Court therefore finds it would be a waste of scarce judicial resources not to exercise supplemental jurisdiction over the state law claim.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand [DE 7] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 7th day of March, 2011.

JAMES I. COHN
United States District Judge

4