UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:11-cv-60007-JIC

JOANNE McCALLA,

    Plaintiff

v.

AVMED, INC., a Florida Corporation, and
MARIANNE DIVITA, an individual,

    Defendant.

_____/

**DEFENDANTS AVMED, INC. AND MARIANNE DIVITA'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED AMENDED COMPLAINT**

    Defendants AvMed, Inc. ("AvMed") and Marianne Divita ("Divita") (collectively referred to as "Defendants"), hereby file this Answer and Affirmative Defenses to Plaintiff Joanne McCalla's Amended Amended Complaint ("Amended Amended Complaint") and state as follows:

**ANSWER**

    1.    In response to Paragraph No. 1 of the Amended Complaint, Defendants acknowledge that Plaintiff seeks damages against Defendant AvMed under the Family and Medical Leave Act, 29 U.S.C. Section 2601 et seq. ("FMLA") as well as under a common law claim for intentional infliction of emotional distress against Defendant Divita, and further acknowledge that Plaintiff seeks to assert the jurisdiction of this Court, but Defendants deny, insofar as Paragraph No. 1 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

2. In response to Paragraph No. 2, inclusive of subparts (a) and (b), of the Amended Complaint, Defendants acknowledge that Plaintiff seeks to assert the jurisdiction of this Court, but Defendants deny, insofar as Paragraph No. 2 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

3. In response to Paragraph No. 3, inclusive of subparts (a) and (b), of the Amended Complaint, Defendants acknowledge that Plaintiff seeks to assert the supplemental jurisdiction of this Court, but Defendants deny, insofar as Paragraph No. 3 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

4. In response to the first Paragraph No. 4, inclusive of subparts (a) and (b), of the Amended Complaint, Defendants acknowledge that Plaintiff seeks to assert proper venue, but Defendants deny, insofar as the first Paragraph No. 4 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

4. (*Number repeated in original*).

In response to the second Paragraph No. 4, Defendants deny the allegations insofar as the corresponding Paragraph No. 4 alleges or implies, Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

5. In response to Paragraph No. 5 of the Amended Complaint, Defendants admit only that for a period of time Plaintiff was employed by Defendant AvMed in Broward County, Florida, and Defendants further admit that Defendant Divita was the Human Resources Director for

Defendant AvMed during Plaintiff's employment, however, Defendants deny the allegations insofar as Paragraph No. 5 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

7. (*Number 6 omitted in original*).

In response to Paragraph No. 7 of the Amended Complaint, Defendants admit only that for a period of time Plaintiff was employed by Defendant AvMed, however, Defendants deny the allegations insofar as Paragraph No. 7 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

8. In response to Paragraph No. 8 of the Amended Complaint, Defendants admit only that for a period of time Plaintiff was employed by Defendant AvMed, however, Defendants deny the allegations insofar as Paragraph No. 8 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

9. In response to Paragraph No. 9 of the Amended Complaint, Defendants admit only that for a period of time Plaintiff was employed by Defendant AvMed, however, Defendants deny the allegations insofar as Paragraph No. 9 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

10. Defendants deny the allegations in Paragraph No. 10 of the Amended Complaint.

11. In response to Paragraph No. 11 of the Amended Complaint, Defendants admit only that for a period of time Plaintiff was employed by Defendant AvMed, however, Defendants deny the allegations insofar as Paragraph No. 11 alleges or implies, that Defendants violated any law, acted in

any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

12. In response to Paragraph No. 12 of the Amended Complaint, Defendants lack sufficient information to admit or deny the allegations and, therefore, deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

13. In response to Paragraph No. 13 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

14. In response to Paragraph No. 14 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave, however, Defendants lack sufficient information to admit or deny the allegations and, therefore, deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

15. In response to Paragraph No. 15 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and provided necessary documentation to take such leave, however, Defendants lacks sufficient information to admit or deny the allegations and, therefore, deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted

in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

16. In response to Paragraph No. 16 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave, however, Defendants lack sufficient information to admit or deny the allegations and, therefore, deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

17. In response to Paragraph No. 17 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

18. (*Number repeated in original*).

In response to first numbered and second numbered Paragraph No. 18 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent

the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

19. In response to Paragraph No. 19 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

20. (*Number repeated in original*).

In response to first numbered and second numbered Paragraph No. 20 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

21. Defendants deny the allegations in Paragraph No. 21 of the Amended Complaint.

22. Defendants deny the allegations in Paragraph No. 22 of the Amended Complaint.

23. Defendants deny the allegations in Paragraph No. 23 of the Amended Complaint.

24. In response to first numbered and second numbered Paragraph No. 24 of the

Amended Complaint, Defendants admit Defendant AvMed did not seek to deny Plaintiff her unemployment benefits even though such benefits were properly denied, therefore, a representative from Defendant AvMed did not attend appeals hearing so as to enable Plaintiff to have the denial of her benefits reversed and so that she could obtain such benefits she would otherwise not have been entitled to receive, therefore, Defendants deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

25. Defendants deny the allegations in Paragraph No. 25 of the Amended Complaint.

26. Defendants deny the allegations in Paragraph No. 26 of the Amended Complaint.

27. Defendants deny the allegations in Paragraph No. 27 of the Amended Complaint.

28. In response to Paragraph No. 28 of the Amended Complaint, Defendants lack sufficient information to admit or deny the allegations and, therefore, deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

29. In response to Paragraph No. 29 of the Amended Complaint, Defendants lack sufficient information to admit or deny the allegations and, therefore, deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

30. In response to Paragraph No. 30 of the Amended Complaint, Defendants re-assert responses to paragraphs 1 through 29 of the Amended Complaint as if fully set forth herein and, therefore, deny the allegations in this paragraph.

31.     In response to Paragraph No. 31 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

32.     In response to Paragraph No. 32 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

33.     In response to Paragraph No. 33 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is

entitled to any amount of damages from Defendants.

34. In response to Paragraph No. 34 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

35. Defendants deny the allegations in Paragraph No. 35 of the Amended Complaint.

36. Defendants deny the allegations in Paragraph No. 36 of the Amended Complaint, including, denying the Wherefore Clause following Paragraph No. 36, and its subparts (a) through (g), and further deny all allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

37. In response to Paragraph No. 37 of the Amended Complaint, Defendants re-assert their responses to paragraphs 1 through 29 of the Amended Complaint as if fully set forth herein and, therefore, deny the allegations in this paragraph.

38. In response to Paragraph No. 38 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants

Case 0:11-cv-60007-JIC   Document 49   Entered on FLSD Docket 05/31/2011   Page 10 of 18

CASE NO. 0:11-cv-60007-JIC

deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

39. In response to Paragraph No. 39 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

40. In response to Paragraph No. 40 of the Amended Complaint, Defendants admit only that while employed by Defendant AvMed, Plaintiff requested and was granted FMLA leave and exhausted such leave and was provided with additional time to return to work beyond the available leave, however, Plaintiff informed Defendants that she was unable to return to work following the exhaustion of her leave, and therefore, Plaintiff's employment ceased, and therefore, Defendants deny the allegations, and further deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

41. Defendants deny the allegations in Paragraph No. 41 of the Amended Complaint, including, denying the "Wherefore" clause following Paragraph No. 41, and its subparts (a) through (g), and further deny all allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any

amount of damages from Defendants.

### [THE PARAGRAPH NUMBERING IN PLAINTIFF'S AMENDED COMPLAINT SKIPS FROM PARAGRAPH 41 TO PARAGRAPH 60]

42. In response to Paragraph No. 60 of the Amended Complaint, Defendants re-assert their responses to paragraphs 1 through 29 of the Amended Complaint as if fully set forth herein and, therefore, deny the allegations in this paragraph.

43. Defendants deny the allegations in Paragraph No. 61 of the Amended Complaint.

44. Defendants deny the allegations in Paragraph No. 62 of the Amended Complaint.

45. Defendants deny the allegations in Paragraph No. 63 of the Amended Complaint.

46. Defendants deny the allegations in Paragraph No. 64 of the Amended Complaint, inclusive of the "Wherefore" clause and "Demand for Trial By Jury" following Paragraph No. 64 of the Amended Complaint, and Defendants further deny, insofar as the "Wherefore" clause and "Demand for Trial By Jury" alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff is entitled to any amount of damages from Defendants.

47. Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Affirmative Defense

Defendants have violated no legal or contractual duty owed to Plaintiff or any other, therefore, neither Plaintiff nor any other is entitled to any recovery against Defendants.

### Third Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiff is barred from the relief Plaintiff seeks by virtue of the following:

  A. The doctrine of estoppel.

  B. The doctrine of waiver.

  C. The improper actions of Plaintiff.

  D. The law of contracts.

  E. The applicable negligence defenses including, but not limited to: (1) the doctrine of last clear chance; and (2) the doctrine of contributory negligence.

### Fifth Affirmative Defense

Plaintiff is barred from proceeding in obtaining the relief she seeks by virtue of the following:

  A. The provisions of the FMLA and other applicable statutes, as alleged in the Amended Complaint, since those statutory provisions also preclude Plaintiff from proceeding and

obtaining any relief such as she seeks herein.

   B.  The legal theories and concepts alleged by Plaintiff in her Amended Complaint.

### Sixth Affirmative Defense

Plaintiff has failed to fulfill the following requirements with regard to her Amended Complaint:

  A. Plaintiff has sued improperly, because she has not (assuming she could assert allegations in her Amended Complaint) exhausted the required preconditions under the statutory provisions involved.

  B. Plaintiff failed to satisfy the necessary conditions precedent for bringing her litigation.

  C. Plaintiff is barred by virtue of her refusal to comply with necessary statutory provisions and legal requirements.

### Seventh Affirmative Defense

Plaintiff has a duty to mitigate alleged losses (assuming any entitlement to recovery), and Plaintiff has not satisfied that mitigation duty.

### Eighth Affirmative Defense

Plaintiff's claims for damages or remedies are improper because Plaintiff seeks remedies or damages not provided, and which are precluded, by Plaintiff's statutory claims.

### Ninth Affirmative Defense

Defendants are relieved of any liability to Plaintiff due to Defendants' good faith conformance and reliance on a written order, ruling, approval or interpretation by the U.S. Department of Labor.

### Tenth Affirmative Defense

Defendants are relieved of any liability to Plaintiff due to Defendants' good faith conformance and reliance on administrative regulations of the statutes referenced in the Amended Complaint.

### Eleventh Affirmative Defense

Plaintiff is not entitled to recover liquidated damages, costs, or attorney's fees because Defendants acted in good faith and because Plaintiff fails to meet the statutory requirements for such relief.

### Twelfth Affirmative Defense

Plaintiff has failed to meet the conditions precedent.

### Thirteenth Affirmative Defense

The damages claimed by Plaintiff are speculative and therefore not recoverable.

### Fourteenth Affirmative Defense

Plaintiff acted in such a manner as to cause all or part of her damages and therefore, Plaintiff's recovery, if any, should be barred or reduced accordingly.

### Fifteenth Affirmative Defense

Plaintiff has sustained no injury or damages as a result of any action or inaction taken by Defendants.

### Sixteenth Affirmative Defense

Defendants reserve the right to raise additional defenses which may become known during discovery.

### Seventeenth Affirmative Defense

Plaintiff is barred because all actions taken were based upon lawful, legitimate non-discriminatory and non-retaliatory business reasons.

### Eighteenth Affirmative Defense

Plaintiff is barred because Defendants at all times acted in good faith as to any matters relevant to Plaintiff's allegations.

### Nineteenth Affirmative Defense

Defendants' actions were, not only legitimate, but were required and consistent with legal requirements and based upon the very legal theories that have been asserted by Plaintiff.

### Twentieth Affirmative Defense

Defendants have neither taken nor ratified any action with discriminatory or retaliatory purpose or intent. Rather, Defendants have acted in good faith and have not authorized any action prohibited by law or committed any unlawful employment practice, or engaged in any inappropriate activities, contrary to Plaintiff's allegations. Defendants' actions were justified and were the result of reasonable factors and bona fide occupational business requirements necessary to the performance of business functions that would have been taken and had to be taken regardless of any alleged discrimination/retaliation or interference.  Plaintiff's requests for relief are precluded because even if assuming, for the purpose of argument, that Plaintiff could allege a theory on which to seek relief, the factual matters, events and circumstances related to her would have been required, and cannot be the basis of relief in support of Plaintiff.

### Twenty-First Affirmative Defense

Defendants are relieved of any liability to Plaintiff because Plaintiff requested and was

granted FMLA leave and was unable to return to work following the exhaustion of such FMLA leave; therefore, Plaintiff is not entitled have her position guaranteed once she is unable to return from FMLA leave after such leave has been exhausted.

### Twenty-Second Affirmative Defense

Defendants are relieved of any liability to Plaintiff because Plaintiff was provided with all benefits legally required by FMLA.

### Twenty-Third Affirmative Defense

Defendants are relieved of any liability to Plaintiff because Plaintiff at no time provided Defendants with any information to establish that she was entitled to any additional leave and, in fact, agreed with Defendant AvMed and their representatives regarding the effective date upon which FMLA would be exhausted.

### Twenty-Fourth Affirmative Defense

Defendant Divita is relieved of any liability to Plaintiff because Divita has not engaged in any conduct that is so outrageous as to be regarded as atrocious and utterly intolerable in a civilized society.

### Twenty-Fifth Affirmative Defense

Defendants would have discharged Plaintiff regardless of her request for leave under the FMLA had they known that Plaintiff had lied on her job application with AvMed and/or failed to disclose her contemporaneous work with a potential competitor. Such misconduct alone was sufficiently severe to warrant termination had Defendants known of it. Defendants would have discharged Plaintiff for her misconduct as a matter of settled company policy.

WHEREFORE, Defendants, AvMed, Inc. and Marianne Divita respectfully request that this Court will: (i) enter judgment in their favor and against Plaintiff, (ii) award Defendants the costs of suit herein, (iii) award Defendants reasonable attorney's fees as may be determined by the Court, and (iv) grant such other and further relief as this Court may deem just and proper.

Respectfully submitted this 31st day of May, 2011.

Pedro P. Forment, Esq.
Florida Bar No. 61026
Jeannette E. Albo, Esq.
Florida Bar No. 17736
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7604
Facsimile:  (305) 373-4466

**s/ Jeannette E. Albo**
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 31, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**s/ Jeannette E. Albo**

CASE NO. 0:11-cv-60007-JIC

- 18 -

## **SERVICE LIST**

Chris Kleppin, Esq.
Glasser, Boreth & Kleppin
8751 West Broward Blvd.
Suite 105
Plantation, Florida 33324

4831-5621-7353, v.  1