UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-60007-CIV-COHN/SELTZER

JOANNE McCALLA,

       Plaintiff,

vs.

AVMED, INC., a Florida corporation, and
MARIANNE DIVITA, an individual,

       Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO TAX COSTS

**THIS CAUSE** is before the Court upon Defendants' Verified Itemized Bill of Costs and Memorandum of Law [DE 104] ("Motion"). The Court has carefully considered the Motion, Plaintiff's Response to Motion to Tax Costs [DE 108] ("Response"), Defendants' Reply to Plaintiff's Response to Verified Itemized Bill of Costs [DE 110] ("Reply"), and is otherwise fully advised in the premises.

## I. BACKGROUND

Defendants Avmed, Inc. and Marianne Divita (collectively "Defendants") filed a motion to tax costs pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and S.D. Fla. Local Rule 7.3(c) following this Court's entry of judgment in favor of Defendants. Defendants request that $6,669.81 in costs be taxed against Plaintiff Joanne McCalla ("Plaintiff"). Plaintiff opposes Defendants' Motion because (1) Defendants failed to comply with the referral requirement of Local Rule 7.3(c); (2) Defendants violated Local Rule 7.3(c)'s form requirements; and (3) Defendants improperly included costs that should not be taxed.

II. DISCUSSION

**A. Legal Standard.**

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." A prevailing party's recoverable costs are listed in 28 U.S.C. § 1920.

A prevailing party is "one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant." Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs., 452 F.3d 1254, 1257 (11th Cir. 2006) (citing Buckhannon Bd. & Care Home Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)). "A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims . . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (internal quotations and citations omitted). Here, Plaintiff does not dispute that Defendants are a prevailing party and entitled to tax costs as permitted under 28 U.S.C. § 1920.

**B. Defendants Adequately Conferred with Plaintiff Before Filing Their Motion.**

Plaintiff urges the Court to deny Defendants' Motion because they failed to adequately confer with Plaintiff before the Motion was filed. Response at 1. Specifically, Plaintiff argues that sending two emails to opposing counsel before filing a motion does not constitute actual conferral. Id. at 2. Instead, Plaintiff contends that before filing a

motion to tax costs, "a telephone call is required." Id.  Local Rule 7.3(c) requires that "[p]rior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought." S.D. Fla. L. R. 7.3.  Rule 7.1(a)(3) in turn provides that "[p]rior to filing any motion in a civil case . . . counsel for the movant shall confer (orally or *in writing*), or make reasonable effort to confer (orally or *in writing*), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L. R. 7.1(a)(3) (emphasis added).

Here, Defendants sent two emails to Plaintiff's counsel over a forty-eight hour period. Motion at 2. When Plaintiff failed to respond to either email, Defendants filed their Motion. Id.  The local rules do not require that counsel orally confer on a motion to tax costs. Instead, Local Rule 7.1(a)(3), expressly contemplates that conferral may be in writing. In their reply, Defendants state that communications between the parties were always in writing. Reply at 2. On these facts, the Court cannot find that Defendants failed to confer with Plaintiff.[1]

### C. Defendants Complied with Local Rule 7.3(c)'s Form Requirement.

Plaintiff also argues that the Court should deny Defendants' Motion because it

---

[1] Although Defendants probably should have allowed Plaintiff more time to respond to their emails, the Court declines to dismiss the Motion on this basis. Plaintiff's counsel states that he "has a busy practice and is not able to read every e-mail as it comes in every day, and sometimes is not able to answer them until a day or two." Response at 2. Defendants, based on past exchanges with opposing counsel, interpreted the lack of response "as Plaintiff again purposely delaying, or intending to ignore, her attempts to confer." Reply at 2. Plaintiff's counsel should have timely responded to the emails, even if only to ask for more time.

violates Local Rule 7.3(c)'s form requirement.  Response at 5.  The Court disagrees.  Local Rule 7.3(c) provides that "[a]n application for a bill of costs must be submitted on form (*or in form substantially similar to*) AO 133 of the Administrative Office of the United States Courts."  S.D. Fla. L. R. 7.3(c) (emphasis added).  The Court has reviewed the Itemized Bill of Costs Defendants submitted and finds that it is substantially similar to Form AO 133.  Thus, Plaintiff's argument that Defendants violated the local rule is wholly without merit.

### D. Taxability of Items Included in Defendants' Motion.

Finally, Plaintiff argues that Defendants improperly included non-taxable items in their Motion.  Response at 5.  Title 28 U.S.C. § 1920 provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for use in the case; (3) fees and distributions for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  28 U.S.C. § 1920.  Plaintiff challenges the deposition transcripts, copying, and service of process fees Defendants seek to tax.

### 1. Deposition Transcripts.

First, Plaintiff argues that the deposition transcripts, other than that for Plaintiff, were not "obtained for use in the case," as 28 U.S.C. § 1920 requires.  Response at 7.  The Court finds that Defendants have established that the deposition transcripts of Plaintiff, Marianne Divita, Maypu Sanchez, Ruth Ramirez, and Karin Terese were

necessarily obtained for use in the case. As Plaintiff concedes, the transcripts of Plaintiff, Marianne Divita, and Maypu Sanchez were cited in Defendants' Motion for Summary Judgment. Thus, these transcripts were properly taxed as costs. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) ("A district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'") In their Reply, Defendants contend that the transcript of Ruth Ramirez was necessary to rebut Plaintiff's claim of bias. Reply at 4. Defendants also state that the transcript of Karin Terese was necessary because she was the Avmed's benefits manager with responsibility for calculating Plaintiff's FMLA leave time. Id. Because the testimony of Ruth Ramirez and Karin Terese was relevant to issues in the case at the time they were deposed, these deposition transcripts were properly included in Defendants' Motion. Independence Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 718 (D.C. Ill. 1982) ("The standard for awarding the cost of depositions is not whether the deposition was related to an issue presented at trial but whether it was related to an issue which was present in the case at the time the deposition was taken.")[2]

Next, Plaintiff argues that Defendants improperly included appearance fees, condensed package fees, and delivery fees in their deposition transcript expenses. Response at 7. The Court find that court reporter appearance fees are reasonable and

---

[2] Defendants do not address the relevance of the deposition transcripts of Thomas Welsch and Cecilia Arteaga-Berman in either their Motion or Reply. Accordingly, because the Court is without sufficient information to determine whether these transcripts were necessarily obtained for use in the case, Defendants may not tax costs related to these transcripts.

recoverable under 28 U.S.C. § 1920.  Chacon v. El Milagro Care Ctr., Inc., No. 07-22835-CIV, 2010 WL 3023833, at *7 (S.D. Fla. July 29, 2010) (awarding plaintiffs costs of $270.00 in court reporter appearance fees).  Costs related to the condensed package and delivery fees, however, are not recoverable under 28 U.S.C. § 1920. Patrick v. Bishop State Comty. Coll., No. 10–0188–WS–M, 2011 WL 2784585, at *1 (S.D. Ala. July 15, 2011) ("Any portion of the cost of a deposition that was incurred for the convenience of the attorney rather than being necessarily obtained for use in the case  is not properly taxable. Likewise, [c]osts associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable. The defendants are thus not entitled to recover the $40.00 charge for delivery, condensed transcript, index and e-tran.") (internal quotations and citations omitted).

Based on these findings, Defendants are entitled to $1129.75 for the deposition transcript of Plaintiff ($1166.75 minus the $25.00 CD/condensed package fee and the $12.00 delivery fee), $972.25 for the deposition transcript of Marianne Divita ($987.25 minus the $15.00 courier fee), $717.75 for the deposition transcript of Maypu Sanchez ($732.75 minus the $15.00 courier fee), $29.25 for the deposition transcript excerpt of Maypu Sanchez, $387.85 for the deposition transcript of Ruth Ramirez ($402.85 minus the $15.00 courier fee), and $689.00 for the deposition transcript of Karin Terese ($704.00 minus the $15.00 courier fee).  Thus, Defendants may tax a total of $3925.85 related to deposition costs against Plaintiff.

## 2. Copying Costs.

Plaintiff also challenges the copying costs that Defendants seek, arguing that

Defendants have not established that the copying charges were for copies furnished to the court or opposing counsel.  Response at 8.  Although the burden is on the losing party to show that a cost is not taxable, the prevailing party "bears the burden of submitting a request for [costs] that would enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them." Lee v. Am. Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000) (internal citations and quotations omitted).  Knowledge regarding a proposed copying cost "is a matter within the exclusive knowledge of the prevailing party." Ferguson v. N. Broward Hosp. Dist., No. 10–61606–CIV, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011).  Here, the Court finds that the $903.45 spent to copy exhibits for the depositions of Cynthia Arnold and Mary Hewitt and the $139.25 spent to copy Plaintiff's employee file from Wexford Health Sources, Inc. was reasonable and properly taxed.  Additionally, based on Defendants' representation in their Reply that the $406.81 spent on copies on April 12, 2011, was for exhibits for Plaintiff's April 13, 2011 deposition, the Court finds that this cost was also reasonable and properly taxed.  Reply at 4.  The Court declines to grant Defendants' Motion as to the four, in house copying jobs of $0.40, $13.90, $3.80, and $2.70 respectively because Defendants have failed to describe what these copies were for in their Motion, their Reply, or supporting documentation.  Accordingly, the Court finds that Defendants may tax $1449.51 as copying costs.

### 3. Process Server Costs.

Finally, Plaintiff claims that the process server fees Defendants seek to tax are too high and should be limited to no more than $45.00 per subpoena.  Response at 9.

Process server fees may be recovered as costs, provided the fees do not exceed the statutory maximum authorized for service by the U.S. marshal service pursuant to 28 U.S.C. § 1921. U.S. E.E.O.C., 213 F.3d at 624.  Title 28 U.S.C. §1921(b) in turn provides that the Attorney General may proscribe regulations concerning the fees that the U.S. Marshal may charge for its services.  Title 28 C.F.R. § 0.114 states  that the U.S. Marshal may charge $55.00 per hour for each item served.[3]  A review of the supporting documentation Defendants attached to their Motion indicates that all, but two subpoenas were served for $55.00 or less.  Two subpoenas served upon Healthcare Support Staffing, Inc. cost $65.00 each to serve.  See Exhibit A to Defendant's Motion for Bill of Costs [DE 104-1] at 2.  Accordingly, the Court finds that Defendants may tax $410.00 ($430.00 minus $20.00 for service of the Healthcare Support Staffing, Inc. subpoenas) for service of summons and subpoenas.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Verified Itemized Bill of Costs [DE 104] is **GRANTED IN PART**.  Defendants shall recover $5,785.36 in costs from Plaintiff Joanne McCalla.  The Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of November, 2011.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

---

[3] Plaintiff incorrectly states that the rate is $45.00 per hour.

Copies to counsel of record via CM/ECF.